UNITED STATES DISTRICT COURT  ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BENJAMIN J. ASHMORE, SR.,

                Plaintiff,

  -against-  MEMORANDUM
                AND ORDER
STATE OF NEW YORK; ERIC I. PRUS;  12-CV-3032 (JG)
RANDALL T. ENG; REINALDO E. RIVERA;
L. PRISCILLA HALL; SANDRA L. SGROI; and
JONATHAN LIPPMAN,

                Defendants.
------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Plaintiff Benjamin Ashmore, proceeding *pro se*, brings this action against the State of New York and various state court judges, alleging that the procedure utilized during a state-court child custody determination to which he was a party violated his rights under the United States Constitution. Plaintiff seeks declarations and injunctions concerning the use and admissibility of hearsay testimony of court-appointed forensic experts in New York state custody actions. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## STANDARD OF REVIEW

        In reviewing plaintiff's complaint, the court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

        Even if a plaintiff has paid the required filing fee, a district court may use its inherent authority to dismiss a case *sua sponte* if it determines that the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also*

*Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) [of Title 28], for example, authorizes courts to dismiss a 'frivolous or malicious' action, *but there is little doubt they would have power to do so even in the absence of this statutory provision*." (quoting 28 U.S.C. § 1915(d) (1989))[1] (emphasis added)). Indeed, "as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need [than appellate courts] for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Fitzgerald*, 221 F.3d at 364.

"An action is 'frivolous' when . . . the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)) (other internal quotation marks omitted) (28 U.S.C. § 1915 context). "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (internal citations omitted). A dispositive defense clearly exists on the face of the complaint "when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327) (28 U.S.C. § 1915 context); *see also Jolley v. Chatigny*, No. 04-CV-182, 2004 WL 306116, at *2 (D. Conn. Feb. 12, 2004) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915 based on absolute judicial immunity).

---

[1] At the time of the *Mallard* decision, 28 U.S.C. § 1915(d) read: "The court . . . may dismiss the case . . . if satisfied that the action is frivolous or malicious." The statute was amended in 1996 to make dismissal mandatory rather than permissive and move the dismissal provision to subsection (e)(2)(B), which now reads: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B), *as amended by* Omnibus Consolidated Rescissions and Appropriations Act of 1996, § 804(a), Pub. L. 104-134, 110 Stat. 1321 (1996).

DISCUSSION

A.  *Domestic Relations Exception to Jurisdiction*

The Supreme Court has long barred federal courts from intervening in the realm of domestic relations.  "'[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'  So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) (internal citations omitted); *see also McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (dismissing 42 U.S.C. § 1983 action for lack of subject matter jurisdiction even where the plaintiff did not ask the federal court "to alter the state court's child support modification determination," because merely deciding his constitutional allegations would require the court "to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," which is contrary to the role of a federal court); *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990) (dismissing § 1983 action seeking to overturn state-court custody decision based on alleged denial of opportunity to confront witnesses, holding that "[i]f, . . . in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation matters, the action must be dismissed").  Federal courts "lack[] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children." *Abidekun v. N.Y.C. Bd. of Educ.*, No. 94 CV 4308 (FB), 1995 WL 228395, at *1 (E.D.N.Y. Apr. 6, 1995).

Here, the plaintiff principally seeks an order from this court that would directly interfere with the state-court custody determination.  He argues that the state court violated his

3

due process rights in admitting hearsay statements contained within the testimony of the forensic expert, Dr. Wilma Cohen Lewis. But for this constitutional violation, he argues, he would not have lost custody of his children. If this court were to allow the plaintiff to pursue this action, it would be forced to "re-examine and re-interpret all the evidence brought before the state court" in the custody proceedings. *McArthur*, 788 F. Supp. at 709. As such, this action is barred by the domestic relations exception to this court's jurisdiction. Whereas ordinarily the court would allow plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that additional drafting could not cure the court's lack of subject matter jurisdiction.

B.  *Defendant Immunity*

Furthermore, the action is frivolous because all of the defendants named in the plaintiff's complaint are clearly immune from suit. *See Montero*, 171 F.3d at 760.

First, New York State is immune from this action. The Eleventh Amendment provides sovereign immunity to nonconsenting states sued by individuals in federal court. U.S. Const. amend. XI; *Quern v. Jordan*, 440 U.S. 332 (1979). This immunity applies to cases brought by a state's "own citizens as well as by citizens of another State," *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotation omitted), and bars cases whether the relief sought legal or equitable, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984).

The remaining defendants named by plaintiff are all state court judges who have judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment of damages, and it can only be overcome in two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not

immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12. "The Supreme Court has established a two-prong test to determine whether an act is 'judicial.'" *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (cited with approval in *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004)). First, the Court must consider whether the function is "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Second, the court must assess whether the parties dealt with the judge in his or her judicial capacity. *Id.*

In this case, all of the allegedly unconstitutional actions were undertaken by judges in the course of presiding over the state-court custody action, *Ashmore v. Ashmore,* Index No. 37380/2007 (trial); *Ashmore v. Ashmore*, Docket No. 2011-06388 (Appellate Division, Second Department); *Ashmore v. Ashmore*, 2012-490 (Court of Appeals, motions seeking leave to appeal). Making evidentiary rulings is a paradigmatic function performed by judges. Morever, at all times relevant to this action, plaintiff was dealing with defendants in their capacity as the judges presiding over his state-court child custody action. Finally, the defendants were acting within their respective jurisdictions as a Justice of the Supreme Court of the State of New York (Eric I. Prus), Justices of the Appellate Division, Second Judicial Department (Reinaldo E. Riveria, Randall T. Eng, Priscilla Hall, and Sandra L. Sgroi), and Chief Judge of the New York Court of Appeals (Jonathan Lippman). Accordingly, the doctrine of judicial immunity provides an absolute defense to this action.

The fact that plaintiff seeks only injunctive and declaratory relief in this case does not alter the defendants' entitlement to immunity. Although the judicially created doctrine of judicial immunity does not bar a claim for prospective injunctive relief against a judicial officer acting in his judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), Congress statutorily provided for such immunity by amending 42 U.S.C. § 1983 to provide that in "any

action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, *as amended by* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996).

Ashmore's complaint does not allege that a declaratory decree was ever entered or suggest that declaratory relief was unavailable. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *LeDuc v. Tilley*, No. 05-CV-157MRK, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (citing cases). While plaintiff, who appealed the judgment entered against him in state court, may not have succeeded in obtaining declaratory relief, he has not alleged facts to suggest that such relief was unavailable.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because the defendants are absolutely immune from suit. Although plaintiff paid the filing fee, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: June 25, 2012
      Brooklyn, New York

6